UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FAUBEL, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 1:25-cv-00313-KES-EPG<br><br>ORDER GRANTING, IN PART, MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 12) |

This matter is before the Court on Defendant's motion for entry of a protective order, which Defendant states "has been agreed to by the parties." (ECF No. 12, p. 3). Upon review, the Court will grant the motion in part.

The Court finds the proposed protective order acceptable in most respects. However, the parties define confidential information or items to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 12-1, p. 3). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." However, the

motion elsewhere indicates that the confidential information or items includes more specific types of information, including "trade secrets, confidential, personal, financial or business information and/or competitive information." (ECF No. 12, pp. 1-3). The Court will limit the parties' definition of confidential information or items to such types of information identified in the motion.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 12-1, pp. 7-8; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the motion for a protective order (ECF No. 12) is granted, in part, as explained above.

IT IS SO ORDERED.

Dated:  **May 13, 2025**                          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

2