UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FAUBEL, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 1:25-cv-00313-KES-EPG<br><br>ORDER REGARDING STIPULATION TO EXTEND TIME FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>(ECF No. 14) |

In this putative class action case, Defendant has moved to compel arbitration, and Plaintiff has not yet responded. (ECF No. 9). The parties have filed a stipulation agreeing that Plaintiff will have an extension of time to respond to the motion. (ECF No. 14). In relevant part, it states as follows:

> The Motion to Compel Arbitration references and quotes a purchase agreement between Defendant and Synchrony Bank. The agreement must be maintained confidentially and produced subject to a protective order. Upon this Court's entry of a protective order in this case, PRA will immediately produce the agreement.
>
> Accordingly, the Parties hereby request an additional two weeks from the date of this Court's entry of a protective order in this case for Plaintiff to respond to the Motion to Compel Arbitration to allow Defendant to produce, and Plaintiff to review the purchase agreement. The Parties seek that PRA's reply be due within 14 days of Plaintiff's response. This joint stipulation is made in good faith and not for purposes of delay.

(ECF No. 14, p. 2).

1

However, the Court has already issued an order regarding a protective order in this case. (ECF No. 13). On May 13, 2025, the Court issued an order granting the motion for a protective order, in part. (ECF Nos. 12, 13). Specifically, the Court found the protective order acceptable in most respects but limited the parties' definition of confidential information to categories of information identified in their motion and noted that the Court's established practices or Rules would govern rather than any inconsistent provision in the proposed protective order. (ECF No. 13, pp. 1-2).

The parties acknowledge this order in a footnote to their stipulation: "On May 13, 2025, this Court granted PRA's motion for entry of protective order. Dkt. 13. The Court has yet to enter a protective order consistent with that ruling." (ECF No. 14, p. 2 n.1). While unclear, the Court understands the parties to be saying that they are waiting for the Court to issue another order entering the proposed protective order itself on the record. However, the Court sees no need to do so. The Court's May 13, 2025 order effectively incorporated the proposed protective order onto the record, with the revisions explained in the order. The Court does not plan to make any separate entry on the docket following its May 13, 2025 order.

Accordingly, IT IS ORDERED as follows:

1. The stipulation (ECF No. 14) is approved to the extent that Plaintiff shall have an additional 14 days from the date of entry of this order to file a response to Defendant's motion to compel arbitration.
2. Defendant shall have 14 days from the response to file a reply.

IT IS SO ORDERED.

Dated:   **May 21, 2025**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

2