1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| YOLANDA FAUBEL, individually and on behalf of others similarly situated, | No. 1:25-cv-00313-KES-EPG |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAYING ACTION PENDING COMPLETION OF ARBITRATION |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | (Doc. 9) |

Defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery") moves for an order compelling plaintiff Yolanda Faubel's claims to arbitration. Doc. 9. For the reasons set forth herein, Portfolio Recovery's unopposed motion is granted and the action is stayed pending completion of arbitration.

## I.    BACKGROUND[1]

On March 14, 2025, plaintiff Yolanda Faubel brought this action, on behalf of herself and others similarly situated, against Portfolio Recovery alleging violations of (1) the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, et. seq.), and (2) the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act") (Cal. Civ. Code §§ 1788, et seq.). Doc. 1

---

[1] The following facts are alleged in the Complaint (Doc. 1) or the unopposed motion to compel arbitration (Doc. 9).

("Compl."). On May 6, 2025, Portfolio Recovery filed a motion to compel arbitration and requested that this action be stayed pending completion of arbitration. Doc. 9 ("Motion"). Faubel filed a statement of non-opposition to the Motion. Doc. 16.

### A.     Factual Background:

On or about February 23, 2016, Synchrony Bank issued a credit card to Faubel. Decl. of Joline White in Supp. of Motion ("White Decl."), Doc. 9-2 ¶ 8. Faubel later allegedly failed to make payments on the credit card. Compl. ¶ 22. On or about January 22, 2020, Synchrony sold a portfolio of accounts to Portfolio Recovery that included Faubel's account. White Decl. ¶ 13. On or about May 6, 2024, Faubel sent a letter to Portfolio Recovery indicating that she refused to pay the debt. Compl. ¶ 25. Faubel then received a letter from Portfolio Recovery, in which Portfolio Recovery asked for financial information under guise of a permanent hardship application. *Id.* ¶¶ 27-28. Although the letter indicated that Portfolio Recovery was a debt collector, the letter also indicated that it was not an attempt to collect a debt. *Id.* ¶ 29. Portfolio Recovery contacted Faubel additional times after receiving notice that Faubel refused to pay or otherwise did not wish to be contacted. *Id.* ¶ 31. Faubel alleges that Portfolio Recovery made additional false, deceptive, or misleading representations to Faubel in connection with the collection of the debt. *Id.* ¶ 32.

### B.     The Arbitration Provision:

As part of its regular practice, Synchrony sends the plastic card and cardholder terms (the "Agreement") to the cardholder's address on record when it issues a credit card. White Decl. ¶ 9. The Agreement contains an arbitration provision in a section titled "Resolving A Dispute with Arbitration." Ex. A, Doc. 9-2 at 10. The arbitration provision provides that, if the credit card holder does not reject the provision, the arbitration provision will apply to the account and most disputes will be subject to arbitration. *Id.* Further, the arbitration provision applies, with limited exceptions, to "any dispute or claim" between the account holder and Synchrony Bank, its affiliates, agents, and/or TJX Companies. *Id.* The Agreement also indicates that Synchrony Bank may sell, assign, or transfer their rights or duties under the Agreement. *Id.*

2

On January 22, 2020, Faubel's account was sold to Portfolio Recovery.  Decl. of Meryl Dreano in Supp. of MTCA ("Dreano Decl."), Doc. 9-3 ¶ 4.  The purchase of the account included the right to collect, sue and otherwise recover, and the right to enforce the Account agreement, including the Arbitration provision.[2]  *Id.* ¶ 6.

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") "makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649–50 (2022) (quoting 9 U.S.C. § 2).  "As [the Supreme Court has] interpreted it, [section 2 of the FAA] contains two clauses:  An enforcement mandate, which renders agreements to arbitrate enforceable as a matter of federal law, and a saving clause, which permits invalidation of arbitration clauses on grounds applicable to 'any contract.'"  *Id.* at 650 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339–340 (2011)).

A party seeking to enforce an arbitration agreement may petition the court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  In ruling on a motion to compel arbitration, a court's role is "limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence.  *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

## III.    DISCUSSION

In its motion to compel arbitration, Portfolio Recovery argues that the agreement's arbitration policy is valid and enforceable under the FAA, that Faubel's claims are encompassed

---

[2] The Declaration of Meryl Dreano indicates that the Purchase Agreement would be filed under seal.  Dreano Decl. ¶ 4.  However, Portfolio Recovery has not filed the Purchase Agreement under seal.  In any event, plaintiff does not dispute the representation made by Dreano that Portfolio Recovery may enforce the arbitration provision.

1  by that agreement, and that it can enforce the arbitration agreement as a non-signatory.  Doc. 9 at

2  13- 20.

3       Faubel does not contest that a valid and enforceable arbitration agreement exists or that

4  Portfolio Recovery can enforce the arbitration provision.[3]  Doc. 16.  The arbitration clause is

5  broad, covering "any dispute or other claim" that is not explicitly excluded and that relates to the

6  account, and it therefore encompasses Faubel's FDCPA and Rosenthal Act claims.  S*ee Rappley*

7  *v. Portfolio Recovery Assocs., LLC*, No. EDCV 17-108 JGB SPx, 2017 WL 3835259, at *7 (C.D.

8  Cal. Aug. 24, 2017) (Rosenthal Act and UCL claims related to credit card account fell within

9  arbitration provision); *see also Charles v. Portfolio Recovery Assocs., LLC*, No. 22-35613, 2024

10  WL 1672350, at *2 (9th Cir. Apr. 18, 2024) (FDCPA claims fell within the scope of arbitration

11  provision that covered any claim, dispute, or controversy related to the credit card agreement or

12  account).

13       Having reviewed the unopposed Motion, the relevant authorities, and the arbitration

14  provision, the Court concludes that Portfolio Recovery has demonstrated that a valid agreement to

15  arbitrate exists, that it covers the dispute at issue, and that it may enforce the arbitration provision.

16  Additionally, Portfolio Recovery also requests that Faubel's action in this Court be stayed

17  pending completion of the arbitration.  The FAA requires such a stay.  "When a district court

18  finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration,

19  § 3 of the FAA compels the court to stay the proceeding."  *Smith v. Spizzirri*, 601 U.S. 472, 478

20  (2024); 9 U.S.C. § 3.

21  ///

22  ///

23  ///

24

25  [3] The arbitration provision includes a choice of law clause that elects Utah law to the extent that state law is relevant under the FAA.  Doc. 9-2 at 10.  Under Utah law, an unsigned credit

26  agreement is binding and enforceable against the party charged if: "(i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit

27  offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit

28  agreement or otherwise uses the credit offered."  Utah Code Ann. § 25-5-4(2)(e).

1    **IV.    CONCLUSION**

2        Accordingly:

3        1.  Portfolio Recovery's motion to compel arbitration, Doc. 9, is granted;

4        2.  This action is stayed pending arbitration proceedings; and

5        3.  Within fourteen (14) days of the issuance of the arbitrator's decision, the parties shall

6            notify the Court that arbitration proceedings have concluded.

7

8

9    IT IS SO ORDERED.

10      Dated:    June 23, 2025

11                                                UNITED STATES DISTRICT JUDGE

5